1:21CV024 LY

EXPARTE                        *

Vs                             *

James Elton Warr               *

---

## Brief in Support of 2254

### I

In this brief of support the petitioner puts forth the ground of ineffective assistance of counsel, with the claim that counsel was ineffective under Strickland vs Washington, 466,U.S. 688 687, (1984). The petitioner will show the court that the effects that were not presented would have had a major effect on the case, and that counsel was deficient, in violation of the 14th and 6th amendments to the Constitution (Fry vs Plier 55lus 112). The defendant claims that this lack of adequate representation resulted in his conviction.

Citing Chapmen vs California 386 US 18 1967, we can assert that the errors of said attorney were not harmless and they in fact directly influenced the defendant's conviction.

### II

Petitioner argues to the fact that said attorney failed to investigate witnesses or evidence in the defendant's case. Nelson vs Hargett 989 F2D 847 850 (5th circuit 1993) alleges that if the attorney had investigated and brought forth witnesses for the defense, they could have testified to the structure of the contract and their positive outcomes with WIG. See also Trottie vs Stephens 720 F3D 231 243 (5th circuit 2013), Bower vs Quartermen 497 F3D 459 467 9 (5th circuit 2007), and Gaines Vs Hopper 575 F.2.D. 1147 (5th circuit) wherein said attorney raised no defense by investigation or adequate representation.

## III

The attorney failed to object to numerous statements made by the state and its witnesses, especially those of an inflammatory nature or those calculated to appeal to the emotions of the jury. Nor did the attorney provide expert witnesses who could have presented credible counter arguments to those made by the state. Kubsch vs State 934 N.E. 2D 1138 (ind 2010) claims that this issue would be under review with ineffective assistance of counsel. In addition, the 14th amendment protects the petitioner for review under this argument.

## IV

Regarding the attorney's opening and closing arguments, he did not counter the state's presentation of the defendant to the jury as a Mr. Bernie Madoff. Nor did he deflect the state's characterization of the defendant as "a monster," in closing arguments. The weaknesses of both the opening and closing arguments attest further to the ineffectiveness of said attorney. Reference Osborn vs Schillings 861 f2d 612, 628-29, (10TH circuit), and Breakiron vs Horn 642, F3D 388 (4th circuit).

## V

The said attorney's inability to understand the workings of WIG and to make this information accessible to the jury is the final ground. No witnesses were called on behalf of WIG, nor were there clarifications as to how the business operated. In Pelvin vs Hollines 261 F3D 210 2d (2nd circuit), the attorney failed to call witnesses that could have spoken directly to the structure and the contract so central to the understanding of the business. Had counsel called experts and witnesses for the defense, and adequately explained how the business worked, the charges of theft, fraud, and money laundering, would have been debunked. Unfortunately, his ineffective defense led to the conviction of Mr. Warr on charges that would have been proven to be unwarranted had Mr. Warr had effective defense counsel.

The petitioner hereby prays upon the court to recognize Mr. Warr's innocence of the crimes for which he was convicted and to overturn his conviction on all counts. Please note that Mr. Warr has no previous criminal record; he has already served 36 months in prison, and he is 72 years old. Please include these considerations in your assessment of this cause.

This Memorandum of Brief is presented to the court, along with this original 2254 on this day_____ in the month of_____ in the year 2020. A true copy was sent to the court clerk along with a true copy to the state.

Respectfully submitted,

_____
James E Warr