

# Velva L. Price
District Clerk, Travis County
Travis County Courthouse Complex
P. O. Box 679003
Austin, Texas 78767-9003

December 30, 2020

VICKIE WARR
4002 CLINTON LANE
LAGO VISTA, TX 78645

    RE:    Cause Number D-1-DC-15-900044-A

To whom this matter concerns,

Thank you for your recent request for service. Your Supplemental Brief to 11.07 has been filed with the papers of your case. A Supplemental Clerk's Record containing this document has been submitted to the Court of Criminal Appeals for their review.

A file-marked copy of your request is enclosed for your records.

Respectfully,
VELVA L. PRICE
District Clerk, Travis County, Texas

By: _____
        Deputy

D-1-DC-15-900044

Additional information to add to file on James E Warr Supplemental Brief to 1107

Please add to file.

Thank you

*Vickie Warr* (signature)
Vickie Warr

4002 Clinton Ln

Lago Vista, Tx 78645

512-221-6418

Filed In The District Court
of Travis County, Texas
on 12-28-2020
at 11:15 a.m.
Velva L. Price, District Clerk

D-1-DC-15-900044

## Supplemental Brief to 1107

Submitted facts that would make a big change to this case which is put forth in this supplemented argument to the case of ineffective assistance of counsel in the case of the 1107.

This was an arms-length transaction, based off a contract that was not presented in trial by the defense attorney, which would have clearly shown a standard of ground work to explain how the business of WIG worked.

As stated in the contract, I give WIG $50,000 at which WIG pays a compounded interest over a period of time with the principle to be paid back in 18 months from the signing. Nowhere on the contract does it state that WIG is investing or buying anything. What it does state is how the payee will be paid.

This is the same structure or model used by VISA or Mastercard. I decide what I want to buy and I agree to the terms set by VISA. This is an example of an arms-length transaction based off a contract which is a promissory note to pay a set amount in a period of time with a set agreement based on the contract.

If I buy a John Deere mower for $10,000 and use VISA to purchase it, I agree to pay Visa 18% interest. This is an arms-length transaction based off the stipulation of a contract which is a promissory note. VISA does not care what is purchased. For that matter I could go to a casino and pull the money off VISA and place it all on one bet at the craps table. VISA does not have anything to do with what I do with the money, only that the terms of the contract are met. This is an arms-length transaction.

If the defense attorney would have asked the defendant questions about the structure of the business, the jury would have heard many things like

- How the business worked
- Was the defendant in default on any of his payments to contracts to the payees?
- Did the properties involved in the case appreciate in value to show a substantial value?
- Did the victims involved in this case claim on their taxes that they lost money through an investment or a loan?

Filed In The District Court of Travis County, Texas on 12-28-2020 at 11:25 a.m.
Velva L. Price, District Clerk

- How is there a crime committed if at the time the desist order was issued, no payments were defaulted and all properties were paying?
- The history and percentage of mortgages that go full term which is about the same set up as a life insurance company.
- Why didn't the defense attorney call expert witnesses in the loan industry to substantiate the terms of the contract, and why didn't he ask these simple questions of the defendant in front of the jury so they could have understood the workings of the business and that losses were only incurred after the Securities and Exchange Commission ordered the company into receivership!

In said attorney's response to the charge of ineffective counsel, he claims this business could never make money, that it was under collateralized, and he listed several discounted properties that would never show a profit. Every one of those properties has increased substantially in value, according to current listings in Zillow.com. Defense attorney did not understand the business and was incapable of defending Mr. Warr. Had he just admitted that to his client, instead of promising an easy acquittal, the outcome of this trial would have been so different.

Because of Mr. Ernest Leonard's hubris, and his inability to provide effective counsel, an innocent man is now beginning his third year in state prison.

In conclusion, we bring this matter to the court in compliance with the standards of the 1107. And hereby ask the court to set forth the date to look into the evidentiary hearing to show cause on the matter of the grounds in the 1107. We also set forth the ground to bring into effect the standards in the federal court this same argument in the 2255 and the 2254.

Mr. Warr hereby thanks the court for your time on this matter and prays upon the court to grant the hearing.

Respectfully submitted,

_[signature]_

James Warr # 2169229